ADJUDGED IN

# THE PREROGATIVE COURT

## OF THE STATE OF NEW JERSEY,

### FEBRUARY TERM, 1863.

HENRY W. GREEN, ESQ., ORDINARY.

EZRA GOULD, appellant, and JANE TINGLEY, executrix of David D. Tingley, respondent.

1. Where the notice requiring creditors to present their claims, has been given in pursuance of an order of the Orphans Court, under section 3d of the "act concerning the estates of persons who die insolvent," (*Nix. Dig.* 386,) the creditor cannot be admitted to a dividend of the estate, unless his claim has been presented *under oath*, within the time limited by the order.

2. Nor does it obviate the necessity of presenting the claim under oath, that the order and notice requiring claims to be exhibited, were made by the surrogate under section 22nd, of the act of 1855. (*Nix. Dig.* 589.)

3. The act of 1855, on proceeding under a rule to bar creditors, having required the claim of the creditor to be made under oath, dispensed with the necessity of a second presentment of the same claim under proceedings to declare the estate insolvent.

4. The requirements of both acts are *imperative*, not directory merely.

5. The question involving the construction of a recent statute, the decree is made without costs against the appellant.

This case came before the Ordinary on an appeal from the decree of the Orphans Court of the county of Essex. The appellant, a creditor of the estate of David D. Tingley, had presented his claim to the executrix, not *under oath.* The claim was not reported to the court. An application was made to compel the executrix to report the claim. The application was denied, and it was ordered that the claim be not included among the debts of the estate, and that the executrix make distribution of the estate among the creditors who had presented their claims *under oath.* From this decree the creditor has appealed.

*Hubbell,* for appellant.

*Williamson,* for respondent.

THE ORDINARY. On the twenty-eighth of August, 1861, an order was made by the surrogate of the county of Essex, under the provision of the twenty-second section of the act of 1855, (*Nix. Dig.* 589, § 70,) directing the executrix of the estate of David D. Tingley, to give notice to the creditors of the estate to bring in their claims, under oath, within nine months from the date of the order. The notice was duly published. The claim of the appellant was not presented to the executrix *under oath.* On the seventh of January, 1862, under the provision of the twenty-fourth section of the same act, the executrix was authorized to proceed as though the estate of the decedent was insolvent, agreeably to the " act concerning the estates of persons who die insolvent." On the fifteenth of September, 1862, the executrix made a report of the claims and demands exhibited against the estate, not including the demand of Ezra Gould, the appellant. An application was subsequently made to the Orphans Court, to compel the executrix to include the claim of Gould, in her report of the claims against the estate, in order that a dividend might be paid thereon. This application was, upon hearing, denied, and it was ordered that the claim be not included among the debts of the estate. The estate was declared insolvent, and

the executrix directed to make distribution of the estate among the creditors who had presented their claims under oath. From the order refusing to admit his claim to a dividend, and also from the final decree of distribution, the creditor has appealed to this court.

If the notice in this case, requiring the creditors to present their claims, had been given in pursuance of an order of the Orphans Court, agreeably to the third section of the "act concerning the estate of persons who die insolvent," (*Nix. Dig.* 386,) it is well settled that the creditor could not be admitted to a dividend of the estate, unless his claim had been presented to the executrix *under oath*, within the time limited by the order. *Vandyke* v. *Chandler*, 5 *Halst. R.* 49; *Coppuck* v. *Wilson*, 3 *Green's R.* 75.

The only question is, whether any change in this regard was effected in the law by the act of 1855, where the notice requiring the claims to be exhibited was given pursuant to an order of the surrogate.

It is quite clear that no change was intended to be made by the act of 1855, in the proceedings in regard to insolvent estates, except so far as is expressly provided by the twenty-fourth section of the act. By that section it is provided that, when an order shall be obtained, and notice given, agreeably to the twenty-second section of the said act, if within ten months thereafter, the executor shall make application for that purpose as prescribed by the act, he may take all proceedings, and make, by order of the court, all sales of real estate that may be authorized by the "act concerning the estate of persons who die insolvent," without proceeding as is required by the third section of that act. It is merely a substitution of the order and notice under the twenty-second section of the act of 1855, for the order and notice under the third section of the act respecting insolvent estates. Under the two statutes, the order is made and the notice given for different purposes. Under the act of 1855, they are designed primarily to operate as a limitation to the right of action against the executor. Under the act respecting insolvent estates, the primary design is to ascertain the shares to which

Gould v. Tingley.

the creditors are severally entitled in the distribution of the estate. Both statutes require the claim of the creditor to be presented within a limited time, *under oath*. Under the fifteenth section of the act for the limitation of actions, (*Nix. Dig.* 571, § 21,) the claim of the creditor was not required to be made under oath. Nor was the law, in this respect, altered by the act of 1849, for the relief of legatees and next of kin in the recovery of legacies and distributive shares. The latter act (section 3) simply requires the claims to be presented in writing, specifying the amount claimed, and the particulars of the claim. But the twenty-second section of the act of 1855, which seems to have been designed to some extent as a substitute for the former acts, requires the claims against the estate to be made under oath, as in case of insolvent estates. A rule taken to limit creditors, and publication made under the former statutes were of no avail, if the estate was declared insolvent, for the claim was not exhibited under oath. A new order and publication were necessary. But the act of 1855, on proceeding under rule to bar creditors, having required the claim of the creditor to be made under oath, dispensed with the necessity of a second presentment of the same claim under proceedings to declare the estate insolvent.

It is urged that the requirements of the act of 1855, are directory merely, and not imperative. Both acts are alike imperative in their terms. The consequence to the creditor for not exhibiting his claim under the one act is, that he shall be deprived of his dividend in the distribution of the estate; under the other, that he shall be barred of his action against the executor. No reason is perceived, nor is any suggested, why the requirement in the one case, should be regarded as imperative, and in the other, as directory. The clause in the twenty-second section of the act of 1855, which declares that if the creditor shall neglect to exhibit his claim within the time limited, he shall be barred of his action, must be construed to mean an exhibition of his claim in the mode prescribed by law. To require that the claim should be exhibited *under oath*, and then to permit an exhibition of the

claim not under oath, to satisfy the requirement, would render the enactment nugatory.

But if it be conceded that the requirement of the twenty-second section of the act of 1855, so far as respects the limitation of the claims of creditors, is directory merely, it cannot aid the claim of the appellant, nor in any wise affect the rights of the creditor under the act respecting insolvent estates. Under that act it is clear, that the claim of the creditor must be presented under oath, in order to entitle it to be included among the claims of creditors in the report of the executor, or to entitle the creditor to a dividend of the estate. Admitting that the creditor was not barred of his action against the executrix, under the provisions of the act of 1855, he is barred of all claim for a dividend under the act respecting insolvent estates. Whether the order is made, and notice given under the act of 1856, or under the act respecting insolvent estates, is immaterial. In either contingency, the presentment of the claim by the creditor *under oath*, is a prerequisite to his receiving a dividend of the insolvent estate. No recognition of the claim by the executrix, or by the court, can supply the place of the statutory requirement.

The decree of the Orphans Court was correct, and must be affirmed. As the question presented involves the construction of a recent statute, in regard to which there was room for doubt, the decree is made without costs against the appellant.